UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MEADOWORKS, LLC,                        )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )       No. 1:19-CV-7896
                                        )       Hon. Marvin E. Aspen
LINEAR MOLD & ENGINEERING, LLC,         )
                                        )
            Defendant.                  )
                                        )

**MEMORANDUM OPINION & ORDER**

MARVIN E. ASPEN, District Judge:

Before us is Plaintiff Meadoworks's Motion to Reconsider part of our July 21, 2020 Memorandum Opinion & Order. (Mem. Op. and Order (Dkt. No. 24).) Through that Opinion, we partially granted Defendant Linear Mold's motion to dismiss. (Mot. Recon. (Dkt. No. 28).)[1] For the reasons that follow, we stand by our earlier holding and deny Plaintiff's motion.

**BACKGROUND**

As relevant to the motion before us, our July 21, 2020 holding dismissed Count III (Conversion) under the economic loss doctrine, or the *Moorman* doctrine. *Meadoworks, LLC v. Linear Mold & Eng'g, LLC*, No. 1:19-CV-7896, 2020 WL 4194211, at *3 (N.D. Ill. July 21, 2020) (citing *Moorman Manufacturing Co. v. National Tank Co.*, 91 Ill. 2d. 69, 88 (1982)). We dismissed this claim because it sought to recover purely in tort for monetary losses between two contracting parties. *Meadoworks*, 1:19-CV-7896, 2020 WL 4194211, at *4. Since Plaintiff does

---

[1] Also before us is Plaintiff's motion to file a reply brief in support of its motion to reconsider. (Dkt. Nos. 32 and 32-1.) We grant the motion to file a reply brief and consider that reply brief in rendering this opinion. (*See* Dkt. No. 32-1.)

not dispute the facts as we articulated them in our previous opinion, we incorporate that factual background section herein. (Mot. Recon. at 3 ("The Court's statement of the background in its 7/21/2020 Order appears adequate . . . ."))[2] *See Meadoworks*, No. 1:19-CV-7896, 2020 WL 4194211.

## LEGAL STANDARD

A motion for reconsideration may be brought to correct "manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996). Such motions are therefore appropriate where a court misunderstood a party's position and made a decision that warrants reconsideration. *See, e.g.*, *id.* Nevertheless, motions to reconsider are disfavored. *Santos v. Williams*, No. 15-cv-5325, 2017 WL 2189102, at *1 (N.D. Ill. May 18, 2017). They are so disfavored that the party bringing a motion for reconsideration "bears a heavy burden, and motions for reconsideration are not at the disposal of parties who want to rehash old arguments." *Id.* (citing *Patrick v. City of Chi.*, 103 F. Supp. 3d 907, 911 (N.D. Ill. 2015).

## ANALYSIS

Plaintiff's motion to reconsider contends that we misapprehended and erroneously applied the economic loss doctrine. (Mot. Recons. at 4—5.) In Illinois, the economic loss rule bars recovery in tort for purely economic loss between contracting parties. *Wigon v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 567 (7th Cir. 2012); *Moorman Manufacturing Co.*, 91 Ill. 2d. at 88.

---

[2] Plaintiff's motion cites to additional pleaded facts that we reviewed in analyzing the sufficiency of the Complaint. *Id.* These pleaded facts are that Plaintiff emailed Defendant stating that it was not authorized to hang molds in Plaintiff's machines (Compl. ¶ 27) and that Defendant was using about 29 of Plaintiff's machines in violation of Plaintiff's ownership rights. (*Id.* ¶¶ 27—33). Plaintiff also cites to the fact that it demanded Defendant stop using Plaintiff's property, then Defendant prohibited Plaintiff from selling Plaintiff's own property contending that the property belonged to Defendant. (*Id.* ¶¶ 36, 39.)

Alternatively stated, under this doctrine, when a contract sets out the duties between parties, recovery should be limited to contract damages even though recovery in tort would otherwise be available under the common law. (Mot. Recons. at 5) *R.J. O'Brien & Associates, Inc. v. Forman*, 298 F.3d 653, 657 (7th Cir. 2002); *St. George Investments, LLC v. QuamTel, Inc.*, No. 12-cv-9186, 2014 WL 812157, at \*9 (N.D. Ill. March 3, 2014).  The Illinois Supreme Court defines "economic loss" in this context as "damages for inadequate value, costs of repair and replacement of the defective product, or consequent loss of profits-without any claim of personal injury or damage to other property as well as the diminution in the value of the product because it is inferior in quality and does not work for the general purposes for which it was manufactured and sold." *Vanco US, LLC v. Brink's, Inc.*, No. 09 C 6416, 2010 WL 5365373, at \*6 (N.D. Ill. Dec. 14, 2010) (quoting *Moorman*, 91 Ill.2d at 81) (internal citations and quotations omitted).

Indeed, Plaintiff "does not dispute that the general economic loss rule applies to its conversion claim and that the three enumerated exceptions do not apply." (Mot. Recons. at 5—6.)  Instead, Plaintiff asks that we reverse our previous decision under an independent duty exception to the doctrine. (*Id.* at 5.)  To this extent, Plaintiff argues that if a duty arises outside of a contract, the economic loss doctrine would not prohibit recovery in tort for breach of that duty. *See, e.g.*, *Wigod*, 673 F.3d at 567.  For example, not committing malpractice by an attorney or architect is independent of the attorney or architect's underlying contract with a client. *See Congregation of the Passion, Holy Cross Province v. Touche Ross & Co.*, 159 Ill. 2d 137, 157, 636 N.E.2d 503, 512 (1994); *see also 2314 Lincoln Park W. Condo. Ass'n v. Mann, Gin, Ebel & Frazier, Ltd.,* 136 Ill. 2d 302, 314, 555 N.E.2d 346, 351 (1990).  This make sense because damages stemming from a breach of contract case against a client's lawyer, for example, will be limited to the contract's value while a common law action for legal malpractice would be

3

necessary to recover for the likely higher and different noncontractual damages caused by the malpractice. Nevertheless, Courts in this district have held that tort claims related to and engulfed by contractual duties are barred by the economic loss doctrine. *St George Investments LLC*, No. 12-CV-9186, 2014 WL 812157, at \*9 ("the *Moorman* doctrine does bar conversion claims brought tangent to breach of contract claims."); *Lansing v. Carroll*, No. 11-cv-4153, 2012 WL 4759241, at \*3 (N.D. Ill. Oct. 5, 2012) (barring conversion claim where plaintiff sought "recovery for harm to a contract-like interest"); *Braman v. Woodfield Gardens Assoc., Realcorp Investors I*, 715 F. Supp. 226, 229 (N.D. Ill 1989) (barring conversion claim in a contract case where "plaintiffs' alleged injuries amount [ed] to nothing more than economic loss.").

Here, as we explained in our previous opinion, Plaintiff's conversion claim brings a claim for purely economic losses that arises from the contractual relationship between Plaintiff and Defendant. Although a duty certainly exists not to take another's property, in this case, that duty is completely encompassed by the alleged contract for the sale of the same goods that Plaintiff's conversion claim is rooted in. So the facts and theory for the two claims overlap: Defendant took certain goods outlined in a contract but did not make the contractual payment for those goods. . That duty is not independent of this case's contract. Plaintiff's case is a simple breach of contract lawsuit over a sale of goods went wrong. Nothing more. Simply stated, if Plaintiff had its way, every plaintiff in a sale of goods contract case would proceed on both a contract remedy and a conversion remedy. That would virtually eviscerate single claim breach of contract cases in the sale of goods context. That does not align with the economic loss doctrine, case law, common sense, nor does it promote judicial efficiency. Plaintiff's motion is denied.

Moreover, even if we were to accept Plaintiff's approach and allow its conversion claim to survive the economic loss doctrine, we would still dismiss that claim for failure to state a

4

claim. Fed. R. Civ. P. 12(b)(6). A critical element in a conversion claim is a demand for return of the allegedly wrongfully taken goods. *Loman v. Freeman*, 229 Ill. 2d 104, 127, 890 N.E.2d 446, 461 (2008) 890 N.E.2d at 461. Rather than having pleaded that Plaintiff demanded return of the wrongfully taken goods, Plaintiff's Complaint pleads that Plaintiff did not want the goods returned because retrieval would have been expensive. (Compl. ¶ 37.) Instead of demanding possession, the litigants entered into a new agreement that merely allowed Plaintiff to access the goods in the facility where they were stored. (*Id.*) Even if the conversion claim survived the economic loss doctrine, that claim warrants dismissal as a matter of law for failure to allege that Plaintiff demanded return of the goods.

## CONCLUSION

This is a breach of contract case. For the reasons stated above, we grant Plaintiff's motion to file a reply brief but deny its motion to reconsider. (Dkt. Nos. 28 and 32.) It is so ordered.

Honorable Marvin E. Aspen
United States District Judge

Dated: September 8, 2020
Chicago, Illinois

5